# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

JACK D. BREWER,                    )
                                   )
            Plaintiff,             )
                                   )
v.                                 )   Case No. CIV-14-375-KEW
                                   )
CAROLYN W. COLVIN, Acting          )
Commissioner of Social             )
Security Administration,           )
                                   )
            Defendant.             )

## OPINION AND ORDER

This matter comes before the Court on Claimant's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #23). By Order and Opinion entered March 28, 2016, this Court reversed the decision of the Commissioner to deny Claimant's application for supplemental security income under Title XVI of the Social Security Act and remanded the case for further proceedings.

In the Motion, Claimant seeks attorney's fees for 32.80 hours of time expended by his attorney at the stipulated fee rate for a total request of $6,232.00 under the authority of the Equal Access to Justice Act ("EAJA"). The Commissioner contests the award of EAJA fees, contending her position in the underlying case was substantially justified. Because Claimant was required to file a reply to respond to the Commissioner's objection, he filed a Supplemental Motion for Attorney Fees to include 9.40 hours of legal time and requested an additional fee of $1,786.00.

EAJA provides that a prevailing party other than the United States shall be awarded fees and costs unless the court finds the

position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). With respect to EAJA applications in Social Security cases, Defendant has the burden of showing that her position was substantially justified. Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988). Defendant must prove that, even if her position is incorrect, her case had a reasonable basis in law and in fact. Id. To establish substantial justification, Defendant must show that there is a genuine dispute and that reasonable people could differ concerning the propriety of a particular agency action. Pierce v. Underwood, 487 U.S. 552, 565 (1987). The government's "position can be justified even though it is not correct . . . and it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct . . ." Id. at 566 n.2.

Clearly, Claimant constituted the prevailing party in accordance with this Court's decision. This Court rejected many of Claimant's arguments on appeal but did find the ALJ failed to consider the totality of Dr. Smith's restrictions while affording her opinion "significant weight." Additionally, the ALJ failed to proceed through the Watkins analysis as to whether Claimant's treating physician's opinion should be given controlling weight. Nothing in the Commissioner's objections to the EAJA fee application would Drender these omissions "substantially justified."

2

The Commissioner also objects to the reasonableness of the fees requested in the research and preparation of Claimant's reply brief. Considering the somewhat superficial content of the reply, this Court agrees. Time in excess of 2.50 hours in the preparation of the reply, given its content, is patently unreasonable. Claimant's supplemental request will be reduced accordingly.

IT IS THEREFORE ORDERED that Claimant's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #23) is hereby **GRANTED** and that the Government be ordered to pay Claimant's attorney's fees in the total amount of $6,232.00.

IT IS FURTHER ORDERED that Claimant's Supplemental Motion for Attorney Fees (Docket Entry #28) is hereby **GRANTED**. However, the fee requested is reduced to 2.50 hours for a supplemental fee of $475.00. As a result, the Government will pay Claimant a total fee of $6,707.00.

In accordance with the ruling of the Tenth Circuit Court of Appeals, the award shall be made to Claimant as the prevailing party and not directly to Claimant's counsel. <u>Manning v. Astrue</u>, 510 F.3d 1246, 1255 (10th Cir. 2007); 28 U.S.C. § 2412(b). In addition, should Claimant's counsel ultimately be awarded attorney's fees pursuant to 42 U.S.C. § 406(b)(1), counsel shall refund the smaller amount to Claimant. <u>Weakley v. Bowen</u>, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 21st day of November, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE